CITY OF LANSING v. INGHAM COUNTY CLERK.

1. CONSTITUTIONAL LAW—APPORTIONMENT OF REPRESENTATIVES IN STATE LEGISLATURE.

The fundamental objective sought by the Constitution in providing for the membership in the house of representatives of the State legislature is that the membership shall be apportioned according to population as nearly as may be and all other provisions in the Constitution creating the house must be read with such objective in mind (Const. 1908, art. 5, §§ 3, 4).

2. SAME — APPORTIONMENT OF REPRESENTATIVES — DIVISION OF COUNTY.

Upon apportionment of three representatives to county containing population of 130,616, division of county by board of supervisors into two districts, one joining a city with population of 78,753 and township with population of 14,274 and with two representatives and balance of county with one representative effected a division into districts containing as nearly as may be an equal number of inhabitants (Const. 1908, art. 5, §§ 3, 4; Act No. 228, Pub. Acts 1943).

3. SAME—APPORTIONMENT    OF    REPRESENTATIVES—TOWNSHIPS—
   CITIES.
   The provision of the Constitution that a township or city shall
   elect by general ticket the number of representatives to which
   it is entitled must be construed with earlier provision of same
   section that no township or city may be divided in the forma-
   tion of a representative district (Const. 1908, art. 5, § 3).

4. SAME—FORMATION    OF    REPRESENTATIVE    DISTRICT—JOINDER    OF
   TOWNSHIP AND CITY.
   The Constitution does not contain an inhibition, expressly or by
   necessary implication, against the joinder of a township and
   a city in the formation of a representative district (Const.
   1908, art. 5, § 3).

5. COSTS—PUBLIC    QUESTION—CONSTITUTIONAL    LAW—FORMATION OF
   REPRESENTATIVE DISTRICTS.
   No costs are awarded in suit to determine the constitutionality
   of action of board of supervisors in forming representative
   districts in county entitled to three representatives, a public
   question being involved (Const. 1908, art. 5, § 3; Act No. 228,
   Pub. Acts 1943).

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted May 3, 1944. (Docket No. 79, Calendar No.
42,765.) Decided May 8, 1944.

Bill by City of Lansing against C. Ross Hilliard,
Ingham County Clerk, to restrain the certification
of action of board of supervisors in dividing the
county into legislative districts to Secretary of
State, acceptance of nominating petitions and prep-
aration of ballots. Decree for plaintiffs. Defend-
ant appeals. Reversed.

*Paul G. Eger,* for plaintiff.

*Hubbard & McCullough,* for defendant.

*Herbert J. Rushton,* Attorney General, *Foss O.
Eldred,* Deputy Attorney General, and *Daniel J.
O'Hara* and *Elbern Parsons,* Assistants Attorney
General, *amici curiae.*

PER CURIAM. This comes to us on appeal from a decree entered in the Ingham circuit court.

Under Act No. 228, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 2 *et seq.,* Stat. Ann. 1943 Cum. Supp. § 2.23 *et seq.*), Ingham county was assigned three members of the house of representatives. On April 11, 1944, the board of supervisors of said county undertook to divide the county into representative districts. The division so made included the city and township of Lansing to elect two representatives; the remainder of the county to elect the other representative. The population of Ingham county, according to the last Federal census, was 130,616. The population of the city of Lansing was 78,753, and of the township of Lansing was 14,274.

The sole question to be decided is, whether the division as made offends against Constitution of 1908, art. 5, § 3. The circuit judge held that the action of the board of supervisors was contrary to the Constitution and entered a decree holding the division by the board of supervisors to be void.

The point at issue has not been previously before this court and the decisions in other States under differently worded constitutional and statutory provisions are of no assistance.

Constitution 1908, art. 5, § 3, requires that representatives shall be chosen by single districts "which shall contain as nearly as may be an equal number of inhabitants." Section 3 further provides that in every county which is entitled to more than one representative, the board of supervisors shall divide the county into representative districts equal to the number of representatives to which the county is entitled. Article 5, § 4, directs the legislature to "apportion anew the representatives among the

counties and districts according to the number of inhabitants.'' It is significant that in both of these constitutional requirements, namely, the mandate to the legislature to apportion the representatives in the house of the legislature, and the mandate to the board of supervisors to divide into representative districts a county entitled to more than one representative, the Constitution directs that this shall be done as nearly as may be in accordance with the number of inhabitants. Fundamentally, the objective sought by the Constitution, in providing for the membership in the house of representatives of the State legislature, is that the membership shall be apportioned according to population as nearly as may be. All other provisions of the Constitution in creating the house of representatives must be read with this fundamental constitutional objective in mind.

In the instant case, Ingham county has a population of 130,616. The legislature has decided that Ingham county is entitled to three representatives in the house. This means one representative for each 43,538 inhabitants. The city of Lansing has a population of 78,753, and Lansing township has a population of 14,274. The board of supervisors by joining the city and township with two representatives has, in effect, created a district with a total population of 93,027, thus allowing one representative for each 46,513 population in this combined area. By so doing the board of supervisors has left the remaining area of Ingham county, with a population of 37,589, to be represented by one representative. This appears to approximate an equal representation according to the number of inhabitants as nearly as may be practicable. Were the city of Lansing to be constituted with two representatives, it would result in one representative for each 39,376

inhabitants within the city, and leave only one representative for 51,863 inhabitants in the rest of the county. Obviously this would not accomplish three representative districts containing "as nearly as may be" an equal number of inhabitants. On the other hand, the result of giving the city of Lansing only one representative would be that 78,753 inhabitants of the city would be represented by only one member of the house, while the rest of Ingham county with the remaining population of 51,863 would be represented by two members of the house.

The appellees contend that decision should be controlled by the provision in section 3 of article 5 which states that when any township or city shall contain a population which entitles it to more than one representative, such township or city shall elect by general ticket the number of representatives to which it is entitled. The lower court construed this to mean any one township or any one city separately, and concluded that a city or a township having a population entitling it to one or more representatives could not be joined with another for the purpose of creating one or more districts. We are unable to agree that this theory should control as against the fundamental objective sought to be accomplished by the Constitution, namely, an equality of representation in the house of representatives apportioned according to population as nearly as may be, equality of representation as the major controlling objective aimed at by the Constitution. The provision in section 3 that a township or city shall elect by general ticket must be construed in harmony with the earlier mandate in section 3 that no township or city may be divided in the formation of a representative district. We emphasize the requirement found in both section 3 and section 4, that rep-

resentation shall be apportioned according to the number of inhabitants as nearly as may be. There is no express inhibition in the Constitution prohibiting the joining of a township and a city in a representative district, nor can such an inhibition be necessarily implied. We conclude that the division of territory by the board of supervisors accomplishes the objective sought by the Constitution.

The decree of the lower court is set aside and a decree may be entered in this court upholding the constitutionality of the action of the board of supervisors. A public question being involved, no costs are awarded.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.